UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00357-FDW

| | |
|---|---|
| TERRANCE JAVARR ROSS, )<br>*also known as* TERRENCE JAVARR ROSS, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>MIKE SLAGLE, )<br>)<br>    Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Terrance Javarr Ross's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I.  BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on June 19, 2009, was found guilty by a Cleveland County Superior Court jury of one count of selling cocaine and one count of possession with intent to sell and deliver cocaine. The trial court sentenced Petitioner to 133 to 169 months imprisonment. (§ 2254 Pet. 1-2, Doc. No. 1.)

The North Carolina Court of Appeals upheld the judgment. State v. Ross, No. COA 10-354, 2011 N.C. App. LEXIS 118 (N.C. Ct. App. filed January 4, 2011). Petitioner did not seek further review in the North Carolina Supreme Court.

According to Petitioner, he sought post-conviction relief by way of successive motions for appropriate relief in the trial court, which were denied. (§ 2254 Pet. 3.) He sought certiorari review of the trial court's order(s) in the North Carolina Court of Appeals, which also was denied. (§ 2254 Pet. 3-4.)

1

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on January 13, 2016, challenging his June 2009 judgment. Ross v. Slagle, No. 1:16-cv-00029-FDW (W.D.N.C.), Doc. No. 1. The Court dismissed the Petition as untimely on November 16, 2016. Id. at Doc. No. 10.

Petitioner filed the instant federal habeas Petition on December 7, 2018, when he placed it in the prison mail system. See Houston v. Lack, 487 U.S. 266, 267 (1988). He again challenges his 2009 judgment.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to examine habeas petitions promptly. 28 U.S.C. § 2254 Rule 4. When it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. See 28 U.S.C. § 2244(b)(3). If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another § 2254 petition challenging the same state criminal judgment unless he has obtained authorization to do so from the appropriate federal court of appeals. See § 2244(b)(3)(A). If the prisoner files a second or subsequent § 2254 petition without authorization from the appropriate federal court of appeals, the district court is required to dismiss the petition without considering its merits. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or

successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

As demonstrated, Petitioner previously filed a § 2254 petition challenging his 2009 criminal judgment, which this Court dismissed as untimely. A dismissal of a habeas petition as time-barred is a decision on the merits and any subsequent habeas petition challenging the same conviction or sentence is 'second or successive' for purposes of § 2244(b). See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); Quezada v. Smith, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted); In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) (deciding that when first § 2254 petition was dismissed as time-barred, later petition is successive); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); Altman v. Benik, 337 F.3d 764, 765 (7th Cir. 2003) (per curiam) (holding that "previous untimely petition does count as a prior application under § 2244(b)"). Accordingly, the instant habeas Petition is successive under § 2244(b).

Petitioner has not demonstrated that he has obtained the required authorization from the Fourth Circuit to file a successive habeas petition challenging his 2009 judgment. See § 2244(b)(3)(A). Consequently, the Court does not have jurisdiction to consider the instant habeas Petition, and it must be dismissed. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus, 28 U.S.C § 2254, (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized, successive habeas petition; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 21, 2018

Frank D. Whitney
Chief United States District Judge